UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

SEALED

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO.  AUG 20 2019 |
| Plaintiff, | ) | CLERK, U.S. DISTRICT COURT |
| v. | ) | I N D I C T M E N T  WESTERN DISTRICT OF TEXAS |
| | ) | BY_____ |
| ▇▇▇▇▇▇▇▇▇▇▇, | ) | DEPUTY CLERK |
| Rafiq PATEL, | ) | [21 USC 846 & 841 - Conspiracy, |
| Akbar GULAMALI, | ) | PWID tramadol; 18 USC |
| Ameer Akbar JOSEPH, | ) | 1956(h) - money laundering |
| Maylia Roseanna Rohka LEZAMA, | ) | conspiracy] |
| aka "Maylia Smith," | ) | |
| And | ) | **A19CR 176LY** |
| Azucena Daquer GULAMALI, | ) | |
| Defendants. | ) | |



USAO # 2016R17088

THE GRAND JURY CHARGES:

Count One
[21 U.S.C. § 846]

Beginning as early as January, 2015 and continuing until on or about July 2, 2018 at Austin, Texas in the Western District of Texas and elsewhere, the Defendants,

▇▇▇ ▇▇▇▇▇ ▇▇▇,
Rafiq PATEL,
Akbar GULAMALI,
Ameer Akbar JOSEPH,
Maylia Roseanna Rohka LEZAMA,
aka "Maylia Smith,"
and
Azucena Daquer GULAMALI,

knowingly, intentionally and unlawfully combined, conspired, confederated, and agreed with others known and unknown to possess with intent to distribute tramadol, a Schedule IV Controlled Substance, a violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

## Count Two
[18 U.S.C. §1956(h)]

Beginning in or about January, 2015 and continuing until on or about July 2, 2018, in the Western District of Texas and elsewhere, the Defendants,

███████ ███████ ███████,
Rafiq PATEL,
Akbar GULAMALI,
Ameer Akbar JOSEPH,
Maylia Roseanna Rohka LEZAMA,
aka "Maylia Smith,"
And
Azucena Daquer GULAMALI,

together and with others known and unknown to the Grand Jury, did unlawfully, willfully, and knowingly combine, conspire, confederate, and agree among themselves and each other to commit certain offenses against the United States as follows:

(a) knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, did conduct and attempt to conduct such a financial transaction which in fact involved the proceeds of specified unlawful activity, (1) with the intent to promote the carrying on of specified unlawful activity as alleged in Counts 1 and 2 , and (2) knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. §

1956(a)(1); all in violation of Title 18, United States Code, Section 1956(h).

In furtherance of this conspiracy the following overt acts were committed:

On or about June 6, 2016, JOSEPH opened account# 900929551 at University Federal Credit Union (UFCU).

Between on or about June 15, 2016 and August 1, 2018, deposits into account #900929551 totaled $1,116,392. Supporting documentation shows that approximately 5,621 money orders were deposited into the account totaling at least $1,087,799.85.

Between on or about April 13, 2016 and July 2, 2018 approximately $2,857,777 worth of money orders and checks written to M Brown, M Smith, AJ Express, and/or other aliases were deposited at the two accounts of Mi Pueblito. Approximately 1,774 money orders and checks totaling $333,071 written to AJ Express (or variation) were deposited into Asiya's, OBA Mi Pueblito, PFCU account #914100. Seventeen of the USPS money orders addressed to AJ Express listed the payee address 1236 Gazania Drive, Pflugerville, TX 78660. One USPS money order addressed to M Smith listed the payee address of PO Box 142817, Austin, TX 78714. One USPS money order addressed to M Brown listed the payee address of PO Box 142817, Austin, TX 78714.

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE

### I. Controlled Substance Forfeiture Statute
### [21 U.S.C. § 853(a)]

As a result of the foregoing criminal violations, which are punishable by imprisonment for more than one year, the United States gives notice that it intends to forfeit, but is not limited to, the below-listed property from Defendant ▆▆▆ ▆▆▆ ▆▆▆ Rafiq PATEL, Akbar GULAMALI, Ameer Akbar JOSEPH,

Maylia Roseanna Rohka LEZAMA, and Azucena Daquer GULAMALI.

Defendants shall forfeit all right, title, and interest in the below-described property to the United States pursuant to FED. R. CRIM. P. 32.2 and 21 U.S.C. § 853(a). Section 853 specifically provides the following:

> **21 U.S.C. § 853.**
> **(a)** Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law—
> **(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
> **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation.

## II. Property

This Notice of Demand for Forfeiture includes, but is not limited to, the following:

**Money Judgment:**

A sum of money equal to $3,993,042, which represents the amount of proceeds obtained directly or indirectly as a result of the violations set forth above and/or which represents the amount of property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations, for which Defendants ▉▉ ▉▉▉▉▉▉ Rafiq PATEL, Akbar GULAMALI, Ameer Akbar JOSEPH, Maylia Roseanna Rohka LEZAMA, and Azucena Daquer GULAMALI are jointly and severally liable.

Substitute Assets

If any of the properties described above, as a result of any act or omission of Defendant:
   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States of America to seek the forfeiture of any other property owned by Defendant up to the value of said Money Judgment as substitute assets, pursuant to FED. R. CRIM. P. 32.2 and 21 U.S.C. § 853(p).

TRUE BILL:
ORIGINAL SIGNATURE
REDACTED PURSUANT TO
E-GOVERNMENT ACT OF 2002

John F. Bash
UNITED STATES ATTORNEY

By: _____
MARK H. MARSHALL
Assistant U.S. Attorney